**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CAMBRIDGE VALLEY MACHINING, INC.,

                Plaintiff,

     v.                                      No. 1:18-CV-1022

HUDSON MFG LLC, et al.,

                Defendants.
_____

**APPEARANCES:**

| | |
|---|---|
| Boies, Schiller & Flexner LLP<br>30 South Pearl Street, 11th Floor<br>Albany, New York 12207<br>Attorney for Plaintiff | ADAM R. SHAW, ESQ. |
| Cohen Kinne Valicenti & Cook LLP<br>28 North Street 3rd Floor<br>Pittsfield, Massachusetts 01201<br>Attorney for Plaintiff | JOHN F. DEW, ESQ. |
| Grable Martin Fulton PLLC<br>4361 South Congress Ave<br>Suite 110<br>Austin, Texas 78745<br>Attorney for Defendants<br>Hudson MFG LLC, Billie Hudson III,<br>and Lauren Hudson | JACK K. REID, ESQ |
| Harris, Beach Law Firm<br>677 Broadway Suite 1101<br>Albany, New York 12207<br>Attorneys for Defendants Billie Hudson III<br>and Lauren Hudson | DANIEL R. LECOURS, ESQ.<br>ELLIOT A. HALLAK, ESQ. |

**MEMORANDUM, DECISION & ORDER**

Presently pending before the Court is defendants' Hudson MFG LLC ("Hudson"), Hudson Standard LLC ("Hudson Standard"), Billie Cyril Hudson III ("Cy Hudson"), and Lauren Hudson (collectively, where appropriate, "defendants") joint motion for reconsideration.[1]  See Dkt. No. 89.  Defendants seek reconsideration of the Court's July 2, 2020 Memorandum, Decision & Order ("the July 2, 2020 Order") to the extent that the Court granted plaintiff Cambridge Valley Machining, Inc.'s ("CVMI") motion for summary judgment as to its fraudulent conveyance and corporate veil piercing claims.  See id. at 1; Cambridge Valley Machining, Inc. v. Hudson MFG LLC, et al., No. 1:18-CV-1022 (CFH), 2020 WL 3610244, at *21-26 (N.D.N.Y. July 2, 2020).  CVMI filed a response in opposition to defendants' motion.  See Dkt. No. 92.  Fore the reasons that follow, defendants' motion for reconsideration is denied.

## I. Background

The Court assumes the parties' familiarity with the underlying facts and procedural history.[2]  As relevant here, in the July 2, 2020 Order, the Court held that CVMI was entitled to summary judgment as to its causes of action for intentional and constructive fraudulent transfer pursuant to N.Y. Debt. & Cred. Law §§ 273 and 276. See Cambridge Valley Machining, Inc., 2020 WL 3610244, at *21.  The basis of CVMI's fraudulent transfer causes of action were two transactions that occurred on May 10, 2018, between defendants; non-party Skunk Laboratories LLC ("Skunk Labs"), an entity

---

[1] The Court notes that CVMI also has pending before the Court a motion for the entry of a judgment. See Dkt. No. 86.

[2] An exhaustive recitation of the facts and procedural history can be found in the Court's summary judgment Order.  See Cambridge Valley Machining, Inc. v. Hudson MFG LLC, et al., No. 1:18-CV-1022 (CFH), 2020 WL 3610244 (N.D.N.Y. July 2, 2020).

2

solely owned by Hudson Standard, which in turn was solely owned by Cy and Lauren Hudson; and Cy Hudson's father (Lauren Hudson's father-in-law), non-party Billie Hudson, Jr.  In substance, the two transactions consisted of (1) defendants and Skunk Labs signing a Pledge and Purchase Money Security Agreement ("the Pledge") that pledged of all of Hudson's and Skunk Lab's assets to Billie Hudson, Jr. and listed him as a secured party of all of Hudson's assets; and (2) defendants, Skunk Labs, and Billie Hudson Jr. executing of a Debt Restructuring and Redemption Agreement that caused Standard to issue to Billie Hudson, Jr. a $9,736,240.92 promissory note, which Cy and Lauren Hudson signed as guarantors.  See id. at *3.  The Court concluded that CVMI established prima facie claims for intentional and constructive fraud, based on the existence of numerous badges of fraud—most notably that Hudson received no consideration for the pledge of its assets, retained control of its assets following the conveyances, and that the conveyances occurred at a time when Hudson was delinquent on its contractual payment obligations to CVMI and only months before Hudson filed for bankruptcy—in opposition to which defendants failed to raise any genuine issues of material fact.  See id. at *21-24.  Moreover, the Court held that CVMI was entitled to summary judgment with respect to its claim for alter-ego liability (i.e. piercing the corporate veil).  See id. at *24.  Applying Tex. Bus. & Com. Code. Ann. § 24.005(a)(1), the Court concluded that, because CVMI established actual fraud and that Cy and Lauren Hudson personally benefited from the May 2018 conveyances, CVMI was entitled to pierce the corporate veil and hold Cy and Lauren Hudson liable for Hudson's contractual liabilities to CVMI.  See id. at *25.

## II. Present Motion

### A. Defendants' Arguments in Support

Defendants' argue that "new evidence, which did not exist until July 8, 2020," requires the reversal of the July 2, 2020 Order with respect to the Court's rulings on fraudulent conveyance and piercing the corporate veil. See Dkt. No. 89-1 at 15. In particular, defendants contend that, on July 8, 2020, Billie Hudson, Jr. "disclaimed any interest he may have had in Hudson['s] assets, negating the [May 2018] pledge and mooting CVMI's fraudulent transfer and corporate veil piercing claims." Id. at 5. Defendants, in a footnote, state that Billie Hudson, Jr.'s July 8, 2020 disclaimer "satisfies the requirement 'that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the [July 2, 2020 Order] was rendered.'" Id. at 15 n.1 (quoting Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of New Jersey, 894 F. Supp. 2d 288, 341 (S.D.N.Y. 2012)). Indeed, defendants aver, "the July 8, 2020 Disclaimer by [Billie] Hudson[,] Jr., . . . did not occur until after the Court's July 2, 2020 [Order] was rendered." Id. at 11-12. Moreover, defendants contend that, because of Billie Hudson Jr.'s disclaimer, "[a]ll of Hudson['s] assets [are] now unencumbered by [Billie] Hudson[,] Jr.'s interest," and "remain in [a] receivership estate established by the Texas court in Bell County, Texas," rendering them "available to satisfy Hudson['s] creditors, including CVMI." Id. at 12-13. Thus, defendants contend, the disclaimer has placed CVMI in the position it would have been in had the May 2018 Pledge never taken place, thereby rendering moot the Court's decision with respect to CVMI's fraudulent conveyance and veil piercing claims

4

because it is no longer necessary to pierce the corporate veil or avoid the transaction at issue.  See id. at 12-13, 14-17.

### B. CVMI's Arguments in Opposition

CVMI argues that defendants' have failed to establish entitlement to reconsideration of the Court's July 2, 2020 Order based on the purportedly "new evidence" consisting of Billie Hudson, Jr.'s disclaimer filed in Texas state court on July 8, 2020.  See Dkt. No. 92 at 4.  In particular, CVMI contends that Billie Hudson Jr.'s disclaimer—which was filed six days after the Court's July 2, 2020 [Order]—does not constitute "new evidence" for purposes of seeking reconsideration because it did not exist at the time the Court rendered its decision.  See id. at 4-5.  In the alternative, CVMI argues that neither its fraudulent conveyance claim nor corporate veil piercing claim was rendered moot by reason of the July 8, 2020 disclaimer.  See id. at 5-7.

### III. Discussion
### A. Legal Standard[3]

Local Rule 7.1(g) governs motions for reconsideration.  See N.D.N.Y. L.R. 7.1(g) ("Motion for Reconsideration. Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN

---

[3] Defendants erroneously purport to seek reconsideration pursuant to Fed. R. Civ. P. 54(b).  See Dkt. No. 89-1 at 1, 5.  Fed. R. Civ. P. 54(b) governs "Judgement on Multiple Claims or Involving Multiple Parties"—the subject of CVMI's pending motion for entry of a judgment—not motions for reconsideration.  See Dkt. No. 86 (CVMI's motion for entry of a judgment pursuant to Fed. R. Civ. P. 54(b)).  As CVMI's opposition to defendants' motion properly sets forth, the proper standard for assessing defendants' motion for reconsideration of the Court's July 2, 2020 Order is the standard set forth under the Local Rules, which is similar to that provided by Fed. R. Civ. P. 60(b).  See Dkt. No. 92 at 3.  Accordingly, the Court will apply the standard for assessing motions for reconsideration rather than the standard for assessing motions pursuant to Rule 54(b).

DAYS after the entry of the challenged judgment, order, or decree." (emphasis omitted)). "The standards for motions for reconsideration under local district court rules are very similar to those used for motions to reconsider under Rule 60(b)." Tomassini v. FCA US LLC, No. 3:14-CV-1226 (MAD/DEP), 2018 WL 5842995, at *1 (N.D.N.Y. Nov. 8, 2018) (citation omitted). As under the federal rules, the local rule recognizes only three circumstances under which "[a] court may justifiably reconsider its previous ruling[:] if[] (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983), cert. denied, 464 U.S. 864 (1983)). The standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Further, a motion for reconsideration may not be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted). "When newly discovered evidence is the basis for reconsideration, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered." Hughes v. Butt, No. 9:17-CV-1151 (DNH/ML), 2019 WL 3940228, *1 (N.D.N.Y. Aug. 21, 2019) (quoting U.S. v. Morrison, No. 04-CR-699 (DRH) (S-2), 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007) (additional citations omitted)).

Here, as CVMI argues, defendants' sole asserted basis for reconsideration is "new evidence" consisting of Billie Hudson Jr.'s July 8, 2020 disclaimer and Texas state court receivership—both of which occurred <u>after</u> the Court issued its July 2, 2020 Order. <u>See</u> Dkt. No. 89-1 at 11-12.  Indeed, defendants explicitly state that "the July 8, 2020 Disclaimer by [Billie] Hudson[,] Jr., . . . did not occur until <u>after</u> the Court's July 2, 2020 Decision was rendered." <u>Id.</u> (emphasis added).  Because a motion for reconsideration cannot be used "to advance new facts, issues or arguments not previously presented to the Court," the evidence and arguments put forward by defendants do not provide a basis for reconsideration of the Court's July 2, 2020 Order.  <u>Davidson v. Scully</u>, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001); <u>see</u> <u>Hughes</u>, 2019 WL 3940228, *2 (denying the plaintiff's motion for reconsideration which was based on "facts . . . that occurred <u>after</u> the Court issued [its prior] Order.").  Furthermore, defendants have not cited to any caselaw which would mandate that the Court's prior decision be vacated, nor have they demonstrated any intervening change in controlling law or articulated any clear legal error.  <u>See</u> <u>generally</u> Dkt. No. 89-1.  In sum, defendants have failed to make any showing that reconsideration is warranted.  Accordingly, defendants' motion for reconsideration is denied.  Based on the foregoing, the Court declines to consider the parties additional and/or alternative arguments.

### IV. Conclusion

**WHEREFORE**, for the reasons stated above, it is hereby:

**ORDERED**, that defendants' motion for reconsideration (Dkt. No. 89) is **DENIED**; and it is further

7

**ORDERED**, that the Clerk for the Court serve copies of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: October 2, 2020
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge