**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CAMBRIDGE VALLEY MACHINING, INC.,

                              Plaintiff,

      v.                                            No. 1:18-CV-1022

HUDSON MFG LLC, et al.,

                              Defendants.
_____

**APPEARANCES:**

| | |
|---|---|
| Boies, Schiller & Flexner LLP<br>30 South Pearl Street, 11th Floor<br>Albany, New York 12207<br>Attorney for Plaintiff | ADAM R. SHAW, ESQ. |
| Cohen Kinne Valicenti & Cook LLP<br>28 North Street 3rd Floor<br>Pittsfield, Massachusetts 01201<br>Attorney for Plaintiff | JOHN F. DEW, ESQ. |
| Grable Martin Fulton PLLC<br>4361 South Congress Ave<br>Suite 110<br>Austin, Texas 78745<br>Attorney for Defendants<br>Hudson MFG LLC, Billie Hudson III,<br>and Lauren Hudson | JACK K. REID, ESQ |
| Harris, Beach Law Firm<br>677 Broadway Suite 1101<br>Albany, New York 12207<br>Attorneys for Defendants Billie Hudson III<br>and Lauren Hudson | DANIEL R. LECOURS, ESQ.<br>ELLIOT A. HALLAK, ESQ. |

**MEMORANDUM, DECISION & ORDER**

Presently pending before the Court is plaintiff's ("CVMI") motion for entry of a judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 54(b). See Dkt. No. 86. CVMI seeks entry of a judgment on its claims for goods sold and delivered under N.Y. U.C.C. § 2-709(a)(1), fraudulent conveyance, and piercing the corporate veil/alter ego liability, which the Court, in its July 2, 2020 Memorandum, Decision & Order ("the July 2, 2020 Order"), granted summary judgment in CVMI's favor. See Cambridge Valley Machining, Inc. v. Hudson MFG LLC, et al., No. 1:18-CV-1022 (CFH), 2020 WL 3610244, at *26 (N.D.N.Y. July 2, 2020). Defendants, Hudson MFG LLC ("Hudson") and Hudson Standard LLC ("Standard"), (collectively, where appropriate, "the Hudson defendants"); and Billie Hudson III ("Cy Hudson") and Lauren Hudson (collectively, where appropriate, "the individual defendants") filed a joint response in opposition, See Dkt. No. 88, and CVMI filed a reply. See Dkt. No. 91. For the reasons that follow, CVMI's motion for entry of a judgment is granted.

## I. Background

The Court assumes the parties' familiarity with the underlying facts and procedural history.[1] As relevant here, in the July 2, 2020 Order, the Court granted CVMI's motion for summary judgment in its entirety, which included an award of summary judgment as to CVMI's (a) N.Y. U.C.C. § 2-709(1)(a) goods sold and delivered claim in the amount of $426,593.87; (b) fraudulent conveyance claim; and (c) veil piercing/alter ego liability claim. See Cambridge Valley Machining, Inc., at *13, 26. In

---

[1] A complete recitation of the facts and procedural history can be found in the Court's summary judgment Order. See Cambridge Valley Machining, Inc. v. Hudson MFG LLC, et al., No. 1:18-CV-1022 (CFH), 2020 WL 3610244 (N.D.N.Y. July 2, 2020).

granting summary judgment as to CVMI's N.Y. U.C.C. § 2-709(1)(a) claim, the Court explicitly concluded that CVMI furnished invoices for parts sold and delivered to Hudson, which Hudson did not dispute that it accepted but failed to pay for. See Cambridge Valley Machining, Inc., at *13. The Court acknowledged that its inquiry did not end upon concluding that Hudson accepted the parts contained in the invoices proffered by CVMI because "'a buyer may defeat or diminish a seller's substantive action for goods sold and delivered by interposing a valid counterclaim for breach of the underlying sales agreement.'" Id. (quoting Created Gemstones v. Union Carbide Corp., 47 N.Y.2d 250, 255, 417 N.Y.S.2d 905, 391 N.E.2d 987 (1979)). However, in evaluating defendants' evidence in support of their counterclaims, the Court noted that defendants proffered an email from Cy Hudson acknowledging that, as of August 14, 2018, Hudson owed CVMI approximately $371,580.00," but concluded that defendants had not shown that CVMI's invoices included invoices for nonconforming goods such that CVMI's damages for its section 2-709(1)(a) claim would be defeated or diminished. Id. at *19. Indeed, defendants did not advance such an argument in support of their motion for summary judgment on their counterclaims or in opposition to CVMI's opposition and cross motion for summary judgment.

Further, in analyzing defendants' counterclaims, the Court observed that defendants stated that they relied on N.Y. U.C.C. § 2-714 in support of their counterclaim seeking damages for defective grips and barrels proffered by CVMI and rejected by Hudson. See id. However, the Court noted that the evidence defendants submitted in support of their counterclaim related only to rejected parts and, therefore, concluded that defendants' reliance on section 2-714 was confused, as that section

pertains to situations in which a buyer of goods seeks damages for non-conforming goods which it has accepted—not rejected. See id. Accordingly, the Court moved on to assess defendants' counterclaim under section 2-715 for incidental and consequential damages and concluded that neither party had established summary as to that counterclaim because questions of fact existed as to whether CVMI's credit to Hudson for nonconforming parts that Hudson rejected included the "costs associated with the defective parts as alleged by defendants," such as shipping, warrantying, and reworking costs. See id. at *19-20. Thus, the court partially denied CVMI's cross motion insofar as it sought summary judgment as to defendants' section 2-715 claim. See id. at *26. Finally, the Court denied defendants' motion and CVMI's cross motion for summary judgment with respect to defendants' counterclaim for alleged breach of the parties' pay to ship agreement based on CVMI's action of crediting rejected nonconforming parts to Hudson's oldest unpaid invoices rather than towards a shipping credit. See id. at *20.

## II. Present Motion

### A. CVMI's Arguments in Support of Motion Pursuant to Rule 54(b)

CVMI first contends that entry of judgment pursuant to Fed. R. Civ. P. 54(b) is appropriate with respect to its claims for goods sold and delivered under N.Y. U.C.C. § 2-709(1)(a), fraudulent conveyance, and veil piercing because those claims are neither "inherently inseparable nor interrelated" to defendants' surviving counterclaims that involve "breach of contract for failure to properly credit returned or non-conforming goods," such that there is no just reason for delay in entering judgment on CVMI's claims. Dkt. No. 86-1 at 6. CVMI avers that defendants' "counterclaims operate as

4

claims for a setoff, which do not challenge the underlying contract or the CVMI claims, and . . . are not sufficient to preclude application of Rule 54(b)," because "the mere presence of counterclaims or setoff claims is not a reason for delay" in entering a judgment as to the claims the Court previously granted summary judgment in CVMI's favor. Id. at 5. Therefore, CVMI argues, in the event that defendants appealed the Court's decision as to its claims for goods sold and delivered, fraudulent transfer, and veil piercing, "the appellate court would not be required to reach the merits of the remaining counterclaims," "[n]or would the court's determination of [defendants'] remaining counterclaims render any appeal of the CVMI [c]laims moot." Id. at 7. Moreover, CVMI avers that the Court's July 2, 2020 Order "finally resolved all the claims involving [Cy and Lauren Hudson]," who do not have any pending counterclaims against CVMI; therefore, defendants urge, "any resolution of the counterclaims cannot moot or change the fraudulent conveyance or alter ego claims" against Cy and Lauren Hudson. Id. at 7, 8.

  Next, CVMI argues that "delay would be unjust and cause a hardship to CVMI because" Hudson is insolvent. Dkt. No. 86-1 at 11. CVMI notes that Hudson previously filed bankruptcy and that its assets are currently subject to receivership in Texas state court. See id. Further, CVMI states that this "case has been pending over two years" and that requiring it "to wait a final resolution of the counterclaims in the face of the Hudson [d]efendants['] insolvency would cause real prejudice and financial hardship to CVMI." Id. Indeed, CVMI avers, "[c]ourts frequently find no just reason for delay where the judgment debtor is insolvent or may become insolvent before the conclusion of the

5

proceedings." Id. at 11; see id. at 11-13 (collecting cases in support of the proposition that insolvency or potential insolvency weighs in favor of Rule 54(b) certification).

### B. Defendants' Arguments in Opposition

Defendants first argue that entry of a partial judgment pursuant to Rule 54(b) is inappropriate in this case because their surviving counterclaims are inseparable from CVMI's goods sold and delivered claim. See Dkt. No. 88 at 5. In particular, defendants state that the Court's July 2, 2020 Order did not resolve the issue of damages on CVMI's goods sold and delivered claim, and that CVMI's damages on that claim may be offset upon resolution of defendants' counterclaims which will require the factfinder to (a) determine whether the unpaid invoices that form the basis of CVMI's goods sold and delivered claim included invoices pertaining to defective parts rejected by Hudson; and (b) whether CVMI credited defendants for the costs incurred therefore under the parties' contract and/or the parties' pay to ship agreement. See id. at 8-10. Further, defendants aver, the strong possibility of offset of CVMI's goods sold and delivered claim militates against granting the entry of a partial judgment pursuant to Rule 54(b). See id. at 9-10.

Further, defendants argue that entry of a judgment against the individual defendants before the issue of offset on CVMI's goods sold and delivered claim is resolved is unwarranted because it "would require them to unnecessarily pay an outsized judgment," which defendants contend would be "an unjust and unnecessarily harsh result." Dkt. No. 88 at 11.[2] Moreover, defendants aver that Hudson's insolvency

---

[2] Insofar as defendants argue that entry of a judgment pursuant to Rule 54(b) as to the fraudulent conveyance and veil piercing/alter ego liability claims is inappropriate based on their previously pending motion for reconsideration, see Dkt. No. 89, their contentions are moot in light of the Court's denial of that motion. See Dkt. No. 88 at 11, 12-13; Dkt. No. 93.

does not justify entry of a partial judgment because Hudson's "financial condition has been static since at least the time its bankruptcy case was closed over a year ago, in May 2019," and because Hudson's assets are currently under the protection of a receivership estate in Texas state court. Id.; see id. at 12. Therefore, defendants urge, delay in the entry of a judgment would not impair CVMI's ability to collect, which further militates against entry of a judgment pursuant to Rule 54(b). See id. at 12.

### C. CVMI's Reply

CVMI argues in reply to defendants' opposition that defendants have failed to establish that CVMI's claims are inextricably intertwined with the Hudson defendants' surviving counterclaims. See Dkt. No. 91 at 5. CVMI posits that, contrary to defendants' argument, "the outcome of [the] Hudson [defendants'] counterclaims will . . . have no bearing on CVMI's claims." Id. at 6 (emphasis omitted). CVMI further argues that the possibility of offset to CVMI's damages that could result upon resolution of the Hudson defendants' counterclaims does not, in itself, warrant denial of Rule 54(b) certification. See id. at 6-7. Moreover, CVMI avers that defendants erroneously argue that, because Hudson is already insolvent rather than at risk of becoming insolvent, entry of a judgment pursuant to Rule 54(b) is unnecessary to protect CVMI's interests. See id. (citing Pereira v. Cogan, 275 B.R. 472, 474 (S.D.N.Y. 2002) ("Courts have frequently found no just reason for delay, and entered a Rule 54(b) judgment, when the judgment debtor is insolvent or may become insolvent before the conclusion of judicial proceedings.")). CVMI also posits that, because Cy and Lauren Hudson "have not disputed that they are also insolvent[,] any judgment against them as individuals is also

at risk" if the Court denies CVMI's present motion. Id. at 8.[3]  In addition, CVMI argues that "Hudson has demonstrated . . . that they are unwilling to pay what they owe CVMI[] absent a judgment for breach of contract," as evidenced by defendants' machinations, including Billie Hudson, Jr.'s disclaimer in his interest in Hudson's assets, which resulted in the assets being placed in receivership in Texas state court immediately following the Court's July 2, 2020 Order. Id.; see id. at 9.

### III. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 54(b) provides that whenever multiple claims or counterclaims are involved in an action and a court has finally resolved some but not all of the claims, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).  Accordingly, the "determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991).  However, "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  Dayton Superior Corp. v. Spa Steel Prod., Inc., No. 1:08-

---

[3] To the extent that CVMI advances arguments in reply to defendants' contentions in opposition related to defendants' previous motion for reconsideration, see Dkt. No. 91 at 8, these arguments are of no moment in light of the Court's October 2020 Order denying defendants' motion for reconsideration.  See Dkt. No. 93.

CV-1312 (FJS/RFT), 2010 WL 3825619, at *4 (N.D.N.Y. Sept. 24, 2010) (internal quotation marks and citations omitted).

"The Supreme Court has outlined a two-prong analysis for determining whether a court should certify a judgment under Rule 54(b): first, the court must determine whether the judgment is final and, second, whether there is any just reason to delay entry of judgment." Dayton Superior Corp., 2010 WL 3825619, at *4 (citing Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980)).  With respect to the second prong, courts consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp., 446 U.S. 1, at 8.  Said another way, Rule 54(b) certification of final judgment is inappropriate only if the claim for which entry of a judgment is sought is "inherently inseparable" or "inextricably interrelated" to the remaining claims. Ginett v. Computer Task Grp., Inc., 962 F.2d 1085, 1096 (2d Cir. 1992).  "[R]elevant equitable considerations" courts take into account when determining whether to enter judgment pursuant to Rule 54(b) "include the possibility of setoff, the financial solvency of the parties, the ability of a party to collect a judgment, the length of the delay if judgment is not entered immediately." Dayton Superior Corp., 2010 WL 3825619, at *5 (citing Curtiss-Wright Corp., 446 U.S. 1, at 12) (additional citation omitted)).  While "[a] meritorious counterclaim in any litigation will nearly always offset a defendant's liability on a plaintiff's claim," EMI Music Mktg. v. Avatar Records, Inc., 317 F. Supp. 2d 412, 424 (S.D.N.Y. 2004), the Supreme Court has held that "[t]he mere presence of such claims . . . does not render a Rule

9

54(b) certification inappropriate. If it did, Rule 54(b) would lose much of its utility." Curtiss-Wright Corp., 446 U.S. at 9.

### B. Rule 54(b) Analysis

#### 1. Finality

As an initial matter, contrary to defendants' contention in opposition to CVMI's current motion, see Dkt. No. 88 at 5-6, the Court did not leave pending the issue of damages on CVMI's section 2-709(1)(a) claim. See Dkt. No. 69 at 7, 23 (CVMI's motion for summary judgment seeking $426,593.87 in damages against all defendants "jointly and severally" for unpaid invoices for parts accepted by Hudson which Hudson failed to pay for); Cambridge Valley Machining, Inc., at *26 (granting CVMI's motion for summary judgment in its entirety). Thus, the Court's determination with respect to CVMI's claims was final, as it was "'an ultimate disposition of [CVMI's] claim[s] entered in the course of a multiple claims action.'" Curtiss-Wright Corp., 446 U.S. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Accordingly, the first prong of the Rule 54(b) analysis is satisfied. See id.

#### 2. Just Reason for Delay

Upon careful consideration of judicial administrative interests and relevant equitable factors, the Court concludes that no just reason exists to delay entry of a judgment pursuant to Rule 54(b).

#### a. Potential Setoff Upon Resolution of Counterclaims

Although it is true that if the Hudson defendants obtain damages on either or both of their surviving counterclaims, CVMI's damages may ultimately be offset, as CVMI correctly argues, see Dkt. No. 86-1 at 10, the mere possibility of offset is insufficient to defeat a motion for Rule 54(b) certification.  See Curtiss-Wright Corp., 446 U.S. 1, at 9.  The Court first observes that this is not a case in which defendants allege a potential offset near or greater than the amount of damages CVMI is entitled to pursuant to its section 2-709(1)(a) claim.  Cf.  RIJ Pharm. Corp. v. Ivax Pharm., Inc., 322 F. Supp. 2d 406, 417 (S.D.N.Y. 2004) (denying the plaintiff's motion for a judgment pursuant to Rule 54(b) where the court concluded, among other things, that the defendants' counterclaims could potentially "more than offset" the amount of damages for the plaintiff's breach of contract claim, which was previously resolved in favor of the plaintiff on summary judgment).  Indeed, the Hudson defendants represent that the purported incidental and consequential damages resulting from rejected nonconforming parts total approximately $93,899.81, see Dkt. No. 70-8 at 15, 18—a figure significantly less than CVMI's section 2-709(1)(a) damages of $426,593.87.  Moreover, the Hudson defendants have neither advanced any monetary figure with respect to their counterclaim for CVMI's alleged breach of the pay to ship agreement nor argued that either or both counterclaims could result in greater damages than CVMI's section 2-709(1)(a) claim.  See Dkt. No. 70-8 at 19; Dkt. No. 88 at 5.  Thus, the Court concludes that the potential setoff of CVMI's damages that could result upon resolution of the Hudson defendants' counterclaims does not militate against Rule 54(b) certification under the particular facts of this case.

**b. Separability of Claims Resolved and Pending Counterclaims**

The Court concludes that the claims resolved in favor of CVMI on summary judgment are not "inherently inseparable" or "inextricably interrelated" to the Hudson defendants' surviving counterclaims. Ginett, 962 F.2d at 1096. In particular, defendants' section 2-715 claim seeks damages related only to incidental and consequential damages, which, as made clear by defendants, include shipping, warrantying, reworking, and other costs associated with nonconforming parts that Hudson rejected. See Dkt. No. 70-3 at 28. Therefore, the Hudson defendants' section 2-715 claim is analytically distinct from CVMI's section 2-709(1)(a) claim for the unpaid invoices for goods that Hudson accepted but failed to pay, as an appellate court would not need to pass on the merits of the pending counterclaims to determine whether CVMI's section 2-709(1)(a) claim was properly decided, and this Court's resolution of the surviving counterclaims would not moot or render advisory an appellate decision on CVMI's section 2-709(1)(a) claim. See Ginett, 962 F.2d at 1095. In addition, any potential damages resulting from CVMI's alleged failure to properly credit Hudson for parts returned pursuant to the parties' pay to ship agreement have no bearing on the unpaid invoices upon which CVMI's section 2-709(1)(a) is premised. Indeed, defendants did not argue that rejected goods were not credited at all under the pay to ship agreement—but only that CVMI should have credited them in a different way. See Dkt. No. 70-8 at 19.

Similarly, CVMI's claims for fraudulent conveyance and alter ego liability against the individual defendants, which were resolved on summary judgment, are based on entirely separate facts, distinct legal analysis, and seek different relief from CVMI's

section 2-709(1)(a) claim and the Hudson defendants' surviving counterclaims for incidental and consequential damages and breach of the parties' pay to ship agreement.  See Petrello v. White, No. 01-CV-3082 (DRH/MLO), 2008 WL 5432230, at *2 (E.D.N.Y. Dec. 30, 2008) (holding that "[a] claim is separable if it embraces at least some different questions of fact and law and could be separately enforced or if different sorts of relief are sought." (internal quotation marks and citation omitted)).  Indeed, on appeal of either or both the fraudulent conveyance or alter ego liability claim, the appellate court would not have to reach the merits of the Hudson defendants' surviving counterclaims claims, and this Court's resolution of the surviving counterclaims would not render an appellate decision on the resolved claims moot or advisory.  See Ginett, 962 F.2d at 1095.  Accordingly, the Court concludes that the claims resolved on summary judgment for which CVMI seeks Rule 54(b) certification are neither inseparable or intertwined with the Hudson defendants' surviving counterclaims.

### c. Hudson's Insolvency

As CVMI contends, Hudson's insolvency weighs in favor of entry of a judgment pursuant to Rule 54(b).  See Dayton Superior Corp., 2010 WL 3825619, at *5 (citing Curtiss-Wright Corp., 446 U.S. at 12) (additional citation omitted)).  Defendants contention in opposition that, because Hudson's "financial condition has been static since at least the time its bankruptcy case was closed over a year ago," militates against entry of a judgment is legally erroneous.  See id.; Dkt. No. 88 at 11.  As CVMI points out, "[c]ourts have frequently found no just reason for delay, and entered a Rule 54(b) judgment, when the judgment debtor is insolvent or may become insolvent before

the conclusion of judicial proceedings." Pereira , 275 B.R. 472 at 474.  In addition, as CVMI notes, this matter has been pending for over two years.  See Dkt. No. 91 at 9; Dkt. No. 1.  Given the numerous actions defendants and their father/father-in-law, Billie Hudson, Jr., have chosen to take in relation to Hudson's assets prior to and over the course of this action, the Court sees no just reason as to why CVMI should be forced to experience what may be significant further delay until the Hudson defendants' counterclaims are finally resolved to obtain legal assurance that it is able to collect from defendants the amounts to which it is entitled.  Indeed, as defendants concede, "[u]pon entry of a final judgment for any amounts, CVMI will be entitled to recover from Hudson . . . and able to look to Hudson['s] assets for satisfaction."  Dkt. No. 88 at 6.  However, defendants proffer no realistic basis upon which, under the circumstances, entry of that judgment should be delayed.  Thus, based on the specific facts of this case, "the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of [CVMI] for an early and separate judgment as to" the claims resolved in its favor on summary judgment.  Dayton Superior Corp., 2010 WL 3825619, at *4.  As a final matter, as CVMI argues, the individual defendants Cy and Lauren Hudson have no remaining claims in this action and the Hudson defendants' contention that the individual defendants might be "require[d] . . . to unnecessarily pay an outsized judgment" that would be "unjust and unnecessarily harsh" is uncompelling given that the Court has previously determined that their actions effectuated the fraudulent transfer of Hudson's assets, which hindered and delayed CVMI's efforts to collect debts owed by Hudson.  Dkt. No. 88 at 11.

### IV. Conclusion

**WHEREFORE**, for the reasons stated above, it is hereby:

**ORDERED**, that plaintiff CVMI's motion for entry of a judgment pursuant to Fed. R. Civ. P. 54(b) (Dkt. No. 86) is **GRANTED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court shall enter judgment pursuant to Rule 54(b) in favor of CVMI against all defendants, jointly and severally, as to CVMI's claims for (a) damages in the amount of $426,593.87 pursuant to N.Y. U.C.C. § 2-709(1)(a); (b) fraudulent conveyance; and (c) veil piercing/alter ego liability; and it is further

**ORDERED**, that the Clerk of the Court serve copies of this Memorandum, Decision & Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: October 14, 2020
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge